IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | |
|---|---|
| MERIAM NAGEL<br><br>     Plaintiff,<br><br> vs.<br><br>MICHAEL KILROY and MEMBERS OF THE JUDICIAL REVIEW BOARD,<br><br>     Defendants. | CV-13-56-GF-DWM-RKS<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS COMPLAINT** |

## I. Synopsis

Meriam Nagel is a pro se plaintiff, proceeding in forma pauperis.  The undersigned infers from her Complaint that Ms. Nagel applied for Social Security benefits, but was denied benefits by Administrative Law Judge Michael Kilroy, and that ruling was upheld by an administrative review board.  Ms. Nagel alleges Mr. Kilroy and the members of the review board violated her civil rights by improperly denying her benefits.  The Defendants are have absolute immunity to

suit for the conduct alleged.  The complaint should be dismissed.

## II. Jurisdiction

Ms. Nagel filed this case in federal court, in the Great Falls Division of the District of Montana.  CD 1.  The case is assigned to the undersigned for findings and recommendations, pursuant to Local Rule 72.2.  The Court has subject matter jurisdiction because the Complaint alleges violations of federal law.  28 U.S.C. § 1331.  The Court has personal jurisdiction because all parties are found in Montana.  Fed. R. Civ. P. 4(k)(1)(A); Mont. R. Civ. P. 4(b).

## III.  Status

Ms. Nagel is proceeding in forma pauperis.  Her Complaint must be reviewed to determine if the allegations are frivolous, fail to state a claim on which relief may be granted, or seek monetary relief from immune defendants.  28 U.S.C. § 1915 1915(e)(2)(B); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001)(per curiam)(statute is not limited to prisoners).  If so, the Complaint must be dismissed. Id. This is the review.

## IV.  Standards

"A document filed pro se is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers'."  Erickson v. Pardus, 551 U.S. 89, 94 (2007)

(internal citation omitted); Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

**Pleading standard**

A complaint must allege sufficient factual matter to "state a claim for relief that is plausible on its face." Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Plausibility is less than probability, but requires "more than a sheer possibility that a defendant has acted unlawfully." Id. Pleadings that are no more than conclusions are not entitled to the presumption of truth and may be disregarded. Id. At 679. A plaintiff must plead the essential elements of a claim to avoid dismissal. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**Immunity**

Administrative law judges and others performing adjudicatory functions within a federal agency are entitled to absolute immunity from damages liability for their judicial acts. Butz v. Economou, 438 U.S. 478, 514 (1978); Demoran v. Witt, 781 F.2d 155, 156 (9th Cir. 1985). An alleged error in such proceedings is properly addressed through agency or judicial review. Butz, 438 U.S. at 514.

**Leave to amend**

Leave to amend a complaint should be given freely "when justice so requires." Fed. R. Civ. P. 15. However, a district court should dismiss a complaint without granting leave to amend if amendments would be futile. Klamath Lake Pharmaceutical Ass'n v. Klamath Medical Services Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983). "Leave to amend need not be given if a complaint, as amended, would be subject to dismissal." Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 538 (9th Cir. 1989). The court liberally construes pro se pleadings. See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987). "Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995).

## V. Allegations

Ms. Nagel's Complaint asserts that the Defendants violated her civil rights.[1] CD 1-1, p. 4. Although not expressly alleged in the Complaint, it appears Ms.

---

[1]The Complaint indicates the claims arise under 42 U.S.C. § 1983. However, the named Defendants are federal employees. Therefore the legal basis for the claims is Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971). The claims are construed analyzed here as Bivens claims, though the distinction is immaterial to the ultimate recommendation.

Nagel sought Social Security benefits, and had a hearing regarding those benefits with Administrative Law Judge Michael Kilroy. Mr. Kilroy apparently determined that Ms. Nagel was not entitled to benefits, and the review board apparently upheld that determination. See CD 1-1, pp. 6-7.

Ms. Nagel alleges that "no accommodations for [her] disability have ever been provided." CD 1-1, p. 6. She alleges a "Mr. Ferguson" (her attorney, the undersigned presumes) gave her poor advice. She alleges that members of the judicial review board have not provided her with needed accommodations, and based decisions about her disability status on erroneous statements by Mr. Kilroy. CD 1-1, p. 6.

Ms. Nagel alleges Mr. Kilroy ordered a vocational expert and Mr. Ferguson to file reports, but the reports were never field. CD 1-1, p. 6. Finally, Ms. Nagel seems to allege that members of the judicial review board provided information to only on a compact disc (but not paper) and she is unable to open the disc because of a disability. CD 1-1, p. 6. The allegation alludes to "the ADA recommendations," which may be a reference to the Americans with Disabilities Act.

## VI. Analysis

Ms. Nagel's Complaint appears to primarily take issue with the denial of her

Social Security benefits. The Defendants are absolutely immune from suit for their judicial acts. Butz, 438 U.S. at 514. The denial of benefits, and the upholding fo that denial on appeal, are judicial acts. See Butz, 438 at 513 ("There can be little doubt that the role fo the modern federal hearing examiner or administrative law judge . . . is 'functionally comparable' to a judge."). The Defendants are immune to suit for the conduct that Ms. Nagel seems to be alleging. Id.

There are hints in Ms. Nagel's Complaint that she believes her attorney improperly represented her and that the Social Security Administration is noncompliant with the Americans with Disabilities Act. But even the most liberal construction of the Complaint cannot transform these hints into cognizable claims. Even if Ms. Nagel were to clarify those allegations and plead additional facts in support of them, the would not constitute viable claims against the Defendants named in her Complaint. Thus, while Ms. Nagel might conceivably allege facts in support of different claims against different defendants, her current Complaint cannot be salvaged. No amendment will change the fact that the Defendants are immune from suit for their adjudicatory actions. If Ms. Nagel believes her Social Security case was improperly decided, judicial review of the decision is the proper remedy.

**Certification Regarding Appeal**

The Federal Rules of Appellate Procedure provide as follows:

[A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:

> (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed. R.App. P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." Gardner v. Pogue, 558 F.2d 548, 551 (9th Cir. 1977) (quoting Coppedge, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989); Franklin v. Murphy, 745 F.2d 1221, 1225 (9th Cir. 1984).

The finding that the Defendants named in Ms. Nagel's Complaint is so clear no reasonable person could suppose an appeal would have merit. The Court should certify that any appeal of this matter would not be taken in good faith.

The court FINDS:

1.      The Defendants named in Ms. Nagel's Complaint, CD 1-1, are absolutely immune from suit for the conduct alleged.

2.      Amendment to the Complaint would be futile.

The court RECOMMENDS:

1.      Ms. Nagel's Complaint, CD 1-1, should be DISMISSED WITH PREJUDICE.

2.      The District Court should certify that any appeal would not be taken in good faith and therefore should not be exempted from administrative fees.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Ms. Nagel may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

If Ms. Nagel files objections, she must itemize each factual finding to which objection is made and identify the evidence in the record she relies on to contradict that finding. In addition, she must itemize each recommendation to which objection is made and set forth the authority he relies on to contradict that

recommendation.

Failure to assert a relevant fact or argument in objections to these Findings and Recommendations may preclude Ms. Nagel from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

Dated the 9th day of July, 2013.


Keith Strong
United States Magistrate Judge