

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| MERIAM NAGEL,<br><br>    Plaintiff,<br><br>vs.<br><br>MICHAEL KILROY and MEMBERS OF THE ADMINISTRATIVE REVIEW BOARD,<br>    Defendants. | CV 13–56–GF–DWM–RKS<br><br><br><br>ORDER |

Meriam Nagel brings this action on allegations that Administrative Law Judge Michael Kilroy and members of an administrative review board violated her civil rights by improperly denying her Social Security benefits. (Doc. 3 at 4-6.) As Ms. Nagel is a *pro se* litigant proceeding *in forma pauperis*, the matter was referred to Magistrate Judge Keith Strong for screening pursuant to 28 U.S.C. §§ 1915, 1915A and Local Rule 72.2. Judge Strong issued Findings and a Recommendation regarding Ms. Nagel's Complaint on July 10, 2013. (Doc. 4.) Judge Strong recommends that Ms. Nagel's Complaint be dismissed with prejudice. (*Id.* at 8.) Pursuant to 28 U.S.C. § 636(b)(1)(C), objections to Judge Strong's Findings and Recommendation were originally due July 29, 2013. Ms. Nagel sought, (doc. 7), and was granted, (doc. 8), an extension of time in which to file her Objections. She timely filed her Objections on August 26, 2013, before

the extended deadline. (Doc. 9.)

When a party objects to any portion of the Findings and Recommendation issued by a Magistrate Judge, the district court must make a *de novo* determination regarding that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach. Inc.*, 656 F.2d 1309, 1313 (9th Cir.1981). None of Ms. Nagel's objections rejoin the jurisdictional analysis Judge Strong related in his Findings and Recommendation. Even so, after *de novo* review of Judge Strong's Findings and Recommendation and Ms. Nagel's Objections to the same, I agree with Judge Strong's conclusion that Ms. Nagel's Complaint must be dismissed with prejudice.

Ms. Nagel's Complaint alleges claims under 42 U.S.C. § 1983. (Doc. 3 at 4.) Section 1983 codifies the provisions of the Civil Rights Act of 1871 which create a cause of action against state officials for allegations of a deprivation under color of state authority of any right guaranteed by the Fourteenth Amendment. *See Monroe v. Pape*, 365 U.S. 167, 171 (1961). The Defendants named in this matter, however, are federal officials. (Doc. 3 at 5.) Judge Strong therefore construed Ms. Nagel's claims as raised under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (Doc. 4 at 4 n.1.) A *Bivens* action cannot form the jurisdictional basis for a claim asserting that Social Security benefits were wrongfully denied. *Schweiker v. Chilicky*, 487 U.S. 412,

424-25 (1988). A plaintiff alleging Social Security benefits were wrongfully denied is limited to those remedies specifically provided for in the Social Security Act. *Id.*

The judicial review provision of the Social Security Act, codified at 42 U.S.C. § 405(g) provides a roadmap for Ms. Nagel to properly navigate presenting her claim to this Court. For the Court to exercise subject matter jurisdiction over these factual circumstances, Ms. Nagel must file a complaint pursuant to the strictures of § 405(g) and name Carolyn W. Colvin, the acting Commissioner of Social Security as the defendant.

In accordance with the foregoing, IT IS ORDERED that Judge Strong's Findings and Recommendation, (doc. 4), are ADOPTED to the extent they are not inconsistent with this order. Ms. Nagel's Complaint, (doc. 2), is DISMISSED with prejudice.

IT IS FURTHER ORDERED that the docket shall reflect the Court's certification pursuant to Fed.R.App.P. 24 (a)(3)(A) that any appeal of this decision would not be taken in good faith. The record is plain that Ms. Nagel's Complaint lacks arguable substance in law or fact.

IT IS FURTHER ORDERED that the Clerk of Court shall enter by a separate document judgment in favor of Defendants and against Plaintiff and shall close this case.

DATED this 30th day of September 2013.

_____
Donald W. Molloy, District Judge
United States District Court